UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VITALINO P. S.,[1]

        Petitioner,

    v.

TIMOTHY ROBBINS, et al.,

        Respondents.

No.  1:26-cv-00456-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**

**[21-DAY DEADLINE]**

Petitioner Vitalino P. S. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on January 20, 2026. (Doc. 1.) On January 21, 2026, the Court issued an order directing Respondents to show cause whether the case was factually or legally distinguishable from the Court's prior cases of Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC) (E.D. Cal. Jan. 12, 2025); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). (Doc. 3.)  On February 2, 2026, Respondents filed a motion to dismiss the petition.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

(Doc. 9.) Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) and therefore not entitled to release on bond.

**DISCUSSION**

Petitioner is a citizen of Guatemala who states he was arrested and detained on November 15, 2025, by Immigration and Customs Enforcement ("ICE"). He claims his re-detention is in violation of his due process rights. He claims he should be released or provided a bond hearing to determine whether he is a flight risk or danger to the community.

Respondents submit that an Immigration Judge granted an order of voluntary departure for Petitioner on January 15, 2026. (Doc. 15-1 at 3.) According to the order, Petitioner had until January 30, 2026, to depart the United States. (Id.) Because Petitioner filed the instant petition, it was unclear whether he was seeking release from custody, or if he intended to voluntarily depart. Respondents state that Petitioner was interviewed on February 2, 2026, by immigration officials to determine whether he wished to pursue voluntary departure or instead wished to continue with his habeas petition. (Doc. 9.) Respondents state that Petitioner indicated he no longer wished to voluntarily depart. (Doc. 9.) Respondents now move to dismiss the petition because the voluntary departure order automatically became a removal order when the period for voluntary departure ended on January 30, 2026. Respondents' arguments are persuasive.

Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1231, on the other hand, applies once a noncitizen is "ordered removed." 8 U.S.C. § 1231(a). Section 1226 thus "governs the detention of aliens until § 1231's 'removal period' begins." Johnson v. Guzman Chavez, 594 U.S. 523, 534 (2021). Petitioner was granted voluntary departure, and apparently, Petitioner opted not to follow through with that option. (Docs. 1 at 6; 9 at 2; 13 at 1.)

The Immigration Judge granted voluntary departure on January 15, 2026, and Petitioner did not appeal. See Executive Office for Immigration Review Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (Search conducted utilizing Petitioner's A-number). According to the IJ's order, Petitioner's voluntary departure period ended on January

2

30, 2026. (Doc. 15-1 at 3.) The order further provided that if Petitioner failed to depart by January 30, 2026, the alternate order of removal would take effect immediately. (Doc. 15-1 at 4.) "[U]pon overstay of the voluntary departure period," the alternate order of removal became administratively final on January 31, 2026, the first day of his overstay. See 8 C.F.R. § 1241.1(f); Diouf v. Mukasey, 542 F.3d 1222, 1229 (9th Cir. 2008).

Section 1231(a)(1)(B) provides that the removal period beings on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Thus, Petitioner's removal period began on January 31, 2026, the date his removal order became administratively final.[2] Accordingly, Petitioner is currently subject to the 90-day removal period period set forth in § 1231(a)(1)(A). During this removal period, "the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Petitioner is thus not entitled to a bond hearing. Since Petitioner is now within the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory, and Petitioner is not entitled to a bond hearing or release. The petition should be dismissed.

## RECOMMENDATION

Based on the foregoing, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document

---

[2] There is no argument that either §§ 1231(a)(1)(B)(ii) or (iii) applies here.

should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **February 20, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE